IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 10–cv–02529–WJM–KMT

DAVID GUARA,

    Plaintiff,

v.

CITY OF TRINIDAD, a City Municipality, and
CITY OF TRINIDAD FIRE DEPARTMENT,

    Defendants.

## ORDER

This matter is before the court on "Defendants' Motion to Strike Certain Experts Disclosed by Plaintiff" (Doc. No. 20 [Mot.], filed July 1, 2011). Plaintiff filed a Response on July 25, 2011 (Doc. No. 22 [Resp.]), and Defendants filed a Reply on August 4, 2011 (Doc. No. 23 [Reply]). This motion is ripe for ruling.

In this case, Plaintiff alleges discriminatory employment treatment and retaliation by the Defendants. (Doc. No. 1.) Pursuant to Fed. R. Civ. P. 26(a)(2), "Plaintiff's Expert Witness Disclosures" identified Steven Chavez, Director of the Civil Rights Division ("CCRD"); Beverly Miller, CCRD Investigator; and Terry Vargas, CCRD Investigator, as non-retained expert witnesses. (Mot., Ex. B.) Defendants argue that Plaintiff's expert witness disclosures of Mr. Chavez, Ms. Miller, and Ms. Vargas should be stricken because (1) CCRD members cannot

testify in any capacity in this case, and (2) Plaintiff's expert disclosures of these individuals do not meet the clear and unambiguous requirements of Rule 26(a)(2)(C).  (Mot.)

Plaintiff has withdrawn the designations of Ms. Miller and Ms. Vargas as expert witnesses.  (*See* Resp. at 2.)  Thus, the motion to strike Ms. Miller and Ms. Vargas is moot.  However, Plaintiff maintains the designation of Mr. Chavez is proper, and accordingly the court will address his designation.

Rule 26(a)(2)(A) requires a party to "disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." Depending upon the nature of the witness, a party may also need to disclose additional information.  Fed. R. Civ. P. 26(a)(2)(B) provides in part that if "the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony," the disclosure must be supplemented by a written report.  For all other witnesses, parties are required to disclose only "(i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705 and (ii) a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C).

The court notes at the outset that Rule 26(a)(2) addresses only the sufficiency of the disclosure.  Though Defendants appear to make an argument that Mr. Chavez's testimony would

be inadmissible at trial, the court need not address that argument, as the court finds that Plaintiff's disclosure of Mr. Chavez is insufficient under Rule 26(a)(2).[1]

Plaintiff's disclosure of Mr. Chavez states that Mr. Chavez will testify that "[a]ll of his investigation paperwork, which contained the bases of his expert opinion under applicable law and facts, determined that there was unconstitutional discrimination and hostile work environment concerning the plaintiff as contained in those reports and paperwork." (Mot., Ex. B at 2.) Plaintiff argues that the report referenced in the disclosure, as well as all supporting documentation, was provided to defense counsel two years ago, and that the report contains the detailed subject matter on which Mr. Chavez is expected to testify. (Resp. at 6.) However, in their reply, Defendants have attached an Affidavit of Mr. Chavez, in which he avers he personally did not investigate any complaints about any charges of discrimination or retaliation submitted by Plaintiff to the CCRD. (Reply, Ex. 1, ¶ 2.) There is no indication from the generic and vague disclosure that Plaintiff knows any of the facts and opinions about which Mr. Chavez would be expected to testify if called as an expert, and it is apparent Plaintiff has never discussed expert testimony with Mr. Chavez, who states in his Affidavit that the CCRD would resist any efforts to have him testify as either a lay or an expert witness regarding Plaintiff's discrimination

---

[1] The court also notes that Defendants' argument that CCRD members cannot testify in any capacity in this case pursuant to both Colorado statute and the Colorado Code of Regulations is not a Rule 702 motion related to the expert's scientific, technical, or other specialized knowledge, nor is it an attack on the sufficiency of the disclosure requirements. Thus, this issue is more properly raised in a pretrial motion *in limine*.

or retaliation claims.[2] (*See id.*, ¶ 6.) Moreover, as Mr. Chavez did not investigate the charges filed with the CCRD and did not write the CCRD report, it is unlikely Mr. Chavez would be able to testify as to the facts surrounding the investigation, much less opine regarding the same.

Thus, the court finds the Rule 26(a)(2)(c) disclosure does not provide an adequate summary of the facts and the opinions to which Mr. Chavez will testify. As such, it is

**ORDERED** that "Defendants' Motion to Strike Certain Experts Disclosed by Plaintiff" (Doc. No. 20) is GRANTED in part and DENIED in part as moot. Defendants' motion to strike the Rule 26(a)(2)(C) disclosure Steve Chavez is GRANTED. Defendants' motion to strike the Rule 26(a)(2)(C) disclosures of Beverly Miller and Terry Vargas is DENIED as moot.

Dated this 8th day of November, 2011.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge

---

[2] Again, whether Mr. Chavez would be able to quash a subpoena directed at him is not the subject of this motion.