**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 10–cv–02529–WJM–KMT

DAVID GUARA,

    Plaintiff,

v.

CITY OF TRINIDAD, a City Municipality,

    Defendant.

---

**ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANT'S MOTION *IN LIMINE***

---

Plaintiff David Guara brings this action against Defendant City of Trinidad alleging race and national origin discrimination in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000*e et seq* ("Title VII").  Before the Court is Defendant's Motion *in Limine* ("Motion").  (ECF No. 80.)  For the reasons set forth below, the Motion is granted in part and denied in part.

## I.  ANALYSIS

The Motion seeks to exclude various categories of evidence from the trial of this matter.  Each of these categories will be discussed below.

**A.  Evidence Related to the Investigation and Determination of the Colorado Civil Rights Division**

The Pretrial Order entered in this case indicates that Plaintiff intends to introduce evidence related to his Colorado Civil Rights Division ("CCRD") complaint, including his position statement with attached exhibits, and the CCRD's determination letter.  (ECF

No. 58 at 18-19.)  Defendant seeks to exclude this evidence because it contains inadmissible hearsay and is unduly prejudicial.  (ECF No. 80.)

The Court has wide discretion to determine whether to admit or exclude findings of a civil rights commission.  *Guides, Ltd. v. Yarmouth Group Property Mgmt., Inc.*, 295 F.3d 1065, 1075 (10th Cir. 2002).  Having reviewed the proposed evidence and the arguments raised by the parties, the Court will permit Plaintiff to introduce evidence that he filed a complaint with the CCRD and that the CCRD determined that there was "sufficient evidence to support the [Plaintiff's] claim of unlawful harassment based on national origin/ancestry." (ECF No. 88-1 at 1.)  Plaintiff may not, however, introduce his complaint, position statement, or the seven-page CCRD determination letter in his case in chief.  The Court notes that these documents are rife with hearsay, much of which is not subject to any of the hearsay exceptions.  Moreover, the Determination Letter is unduly prejudicial to Defendant as the jury may improperly defer to the CCRD's finding of sufficient evidence to support Plaintiff's claims, which is a different legal standard than that which the jury must apply in this case.

The Court also will not permit Plaintiff to call Steve Chavez, Director of the CCRD or any other employee of the CCRD, as a witness in his case in chief.  (*See* ECF No. 58 at 11.)  Mr. Chavez has submitted an affidavit stating that he did not personally investigate Plaintiff's CCRD charge.  (ECF No. 80-2.)  Mr. Chavez also states that it is against CCRD policy to testify in civil litigation related to a CCRD complaint as "[a]ny review by or determination of the Division is not intended to be the basis for nor involved in separate civil litigation." (*Id.*)  Plaintiff has failed to put forth a rationale as to why he needs to call a CCRD employee as a witness which would rebut these

2

concerns.

The Court acknowledges that some information in the CCRD documentation (Plaintiff's complaint, position statement, and determination letter) may be proper for impeachment purposes or for rebuttal evidence. The Court will consider those issues on a case-by-case basis as they arise at trial. However, in his case in chief, Plaintiff must stay within the confines outlined above. The Court will not permit Plaintiff to convert the trial in this case into one about the CCRD charge, investigation, and determination, rather than a trial about the actual working conditions that Plaintiff faced.

**B.     CCRD Settlement Information**

Defendant moves to exclude any reference to settlement discussions between it and the CCRD. (ECF No. 80 at 5.) In response to the Motion, Plaintiff states that he "does not intend to introduce settlement discussions." (ECF No. 88 at 4.) The Court will hold Plaintiff to this representation and expects that there will be no mention of settlement discussions at trial.

**C.     Self-Insurance Pool**

Defendant moves to exclude any reference to the fact that it participates in a self insurance pool ("CIRSA"). (ECF No. 80 at 6.) As Plaintiff acknowledges, evidence of liability insurance is generally inadmissible. *See* Fed. R. Evid. 411. Therefore, the Court will not permit Plaintiff to introduce evidence of Defendant's insurance through CIRSA or otherwise.

Plaintiff contends that, if Timothy Leary testifies for Defendant, then evidence of

his relationship with CIRSA is admissible to show bias. (ECF No. 88 at 5.) The Court agrees that Mr. Leary's financial arrangement and prior relationship with CIRSA is relevant to any potential bias. Therefore, Plaintiff will be permitted to cross-examine Mr. Leary regarding his relationship with CIRSA. The Court will rule on any specific objection to such questioning as it arises at trial.

### D.     Untimely Disclosed Photographs

The Final Pretrial Order lists as trial exhibits a number of photographs showing Plaintiff's defaced locker and damage to his vehicle. (ECF No. 58 at 19-20.) Defendant moves to exclude these color photographs because they were not timely produced during discovery. (ECF No. 80 at 7.)

Plaintiff admits that the original color photographs were not disclosed until after the discovery deadline had passed. (ECF No. 88 at 5.) However, Plaintiff points out that Defendant had black and white copies of the photographs during discovery and questioned Plaintiff about these copies during his deposition. (*Id.*) Plaintiff alleges that the color photographs were inadvertently misfiled and that they were disclosed to Defendant as soon as they were located. (ECF No. 88-7 ¶ 5.) Plaintiff has volunteered to reopen his deposition if Defendant wishes to question him about the color photographs.

Given the representations of Plaintiff's counsel regarding the reason for the untimely disclosure and the fact that Defendant had black and white copies of the photos during discovery, the Court finds that Defendant has not demonstrated sufficient prejudice to warrant exclusion of the color photographs from trial. *See* Fed. R. Civ. P. 37(c)(1) (evidence may be used at trial where untimely disclosure was "harmless");

*White v. Kaiden*, 2006 WL 2346372, *1-2 (D. Colo. Aug. 11, 2006) (untimely disclosed photos would not be excluded absent a showing of prejudice).

**E.     Untimely Disclosed Witnesses**

On February 20, 2012—six months after discovery closed—Plaintiff supplemented his Rule 26 disclosures by adding eight additional persons that were likely to have discoverable information. (ECF No. 80-5.) All eight of these individuals are listed as possible witnesses in the Final Pretrial Order. (ECF No. 58 at 13-15.) Defendant moves to exclude any testimony from these eight individuals pursuant to Federal Rule of Civil Procedure 37(c)(1) because they were not timely disclosed. (ECF No. 80 at 7.)

Plaintiff first argues that the witnesses actually were timely disclosed. (ECF No. 88 at 5.) Plaintiff points to his January 11, 2011 initial disclosures which state: "All witnesses . . . referenced in, cross referenced, listed, or otherwise disclosed in any manner in any records or digitally stored documents referred to or listed in this document, whether or not separately listed or itemized, are disclosed." (ECF No. 88-8 at 1.) Plaintiff contends that all eight of these individuals were referenced or cross-referenced in documents disclosed by the Plaintiff and, therefore, the above-quoted language was sufficient to disclose them for purposes of Rule 26(a). (ECF No. 88 at 5.)

The Court finds that Plaintiff's argument violates both the plain language of Rule 26 and the spirit of the Rule. Rule 26(a)(1) requires a party to provide:

> the name and, if known, the address and telephone number of each individual likely to have discoverable information— along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment.

5

A statement that all individuals that are referenced or cross referenced in documents are "disclosed" does not satisfy this requirement. It does not provide the individual's address, phone number, or the subjects of relevant information that each individual is likely to have. More importantly, the purpose of the Rule 26(a)(1) disclosures is to help focus the parties on the discovery that is needed, eliminate surprise, and to promote settlement. *See Sender v. Mann*, 225 F.R.D. 645, 650 (D. Colo. 2004). Plaintiff's initial disclosures did none of these.

Therefore, the Court finds that the eight witnesses which first appeared in Plaintiff's February 20, 2012 supplemental disclosures were not timely disclosed for purposes of Rule 26. Rule 37(c)(1) of the Federal Rules of Civil Procedure states that a party may not use at trial any witness or information not timely disclosed, unless the Court determines that the failure to disclose was substantially justified or harmless. *See* Fed.R.Civ.P. 37(c)(1). The non-moving party has the burden of showing that they were substantially justified in failing to comply with Rule 26(a)(1). *Nguyen v. IBP, Inc.*, 162 F.R.D. 675, 680 (D. Kan. 1995). While Rule 37(c)(1) is written in mandatory terms, it also vests the Court with discretion to impose "other appropriate sanctions" in addition to or in lieu of an order striking witnesses or evidence not properly disclosed. *See Woodworker's Supply, Inc. v. Principal Mutual Life Insurance Co.*, 170 F.3d 985, 993 (10th Cir. 1999) (recognizing that Rule 37(c) vests broad discretion with the trial court). *See also Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001) (noting that the district court's discretion should be given particularly wide latitude in imposing sanctions under Rule 37(c)(1)); *Ortiz-Lopez v. Sociedad Espanola de*

*Auxilio Mutuo Y Beneficiencia de Puerto Rico*, 248 F.3d 29, 34 (1st Cir. 2001) (holding that district courts have broad discretion in meting out Rule 37(c) sanctions for Rule 26 violations).

The Court will discuss each untimely disclosed witnesses in turn below.

1. CIRSA

The Court has already discussed the parameters within which Plaintiff may mention Defendant's insurance policy with CIRSA and/or CIRSA in general.

2. Michelle Castillo and Jane Carlock

The Final Pretrial Order states that Michelle Castillo and Jane Carlock may testify about racially discriminatory comments made by Engineer Bacharach at Plaintiff's workplace. (ECF No. 80-5 at 3.) Plaintiff contends that these witnesses were not timely disclosed because he only learned that they had relevant knowledge when Ms. Castillo filed a lawsuit against Bachrach alleging sex and race discrimination. (ECF No. 88-7 ¶ 6.)

Ms. Castillo's lawsuit was filed in this Court in November 2011, after the discovery deadline had passed. Ms. Carlock is mentioned in Ms. Castillo's complaint as having knowledge relevant to Ms. Castillo's working conditions. Plaintiff disclosed these witnesses shortly after the lawsuit was filed. Accordingly, the Court finds that the untimeliness of their disclosure was substantially justified and the untimeliness of their disclosure is not a basis for precluding their testimony at trial. Because these witnesses were not disclosed until after discovery closed, the Court will permit Defendant to reopen discovery for the limited purpose of taking their depositions in advance of trial.

Defendant also moves to exclude these witnesses because their testimony

would be evidence of prior bad acts and therefore improper pursuant to Federal Rule of Evidence 404(b). At this time, the Court does not have adequate information to allow it to ascertain whether Ms. Castillo's and Ms. Carlock's testimony would fall within Rule 404(b). The Court will reserve ruling on this issue until it arises at trial.

    3.    <u>Lana Guara</u>

Lana Guara is the Plaintiff's wife. Plaintiff states that she will provide evidence of "all aspects of liability and damages". (ECF No. 80-5 at 2.) As a portion of Plaintiff's damages in this case, he seeks "[c]ompensatory damages including but not limited to those for emotional suffering". (ECF No. 1 at 5.) Given this request for relief, it is unsurprising that Plaintiff would seek to introduce evidence from his wife. Accordingly, the Court finds that Defendant will not suffer prejudice from having Lana Guara testify at trial and therefore will not exclude her. As with the witnesses above, should Defendant desire, it is permitted to reopen discovery for the limited purpose of taking Lana Guara's deposition in advance of the trial.

    4.    <u>Clayton LePlatt and Dion Ortiz</u>

Plaintiff has listed Clayton LePlatt and Dion Ortiz—both Trinidad police officers—as potential witnesses to testify about the investigations they conducted into vandalism of Plaintiff's vehicle. (ECF No. 80-5.)

Plaintiff's only explanation as to why these witnesses were not timely disclosed is that they appeared in police reports exchanged with the defense. (ECF No. 88-7 ¶ 5.) As previously stated, the Court finds that the fact that these witnesses completed police reports which were disclosed to Defendant is not sufficient to meet Plaintiff's Rule 26(a) disclosure burden.

Plaintiff proffers no additional reason for the failure to disclose these witnesses earlier. As Plaintiff's vehicle was vandalized in 2008, Plaintiff has had knowledge of these individuals well before the discovery deadline. Accordingly, the Court finds no reason to make an exception to Rule 37(c)(1) and LePlatt and Ortiz will not be permitted to testify at the trial of this matter.

5. Steve Ortega

Plaintiff has listed Steve Ortega as having information relevant to national origin discrimination at the fire department. (ECF No. 80-5 at 4.) Plaintiff offers absolutely no explanation as to why Ortega was not timely disclosed as a potential witness. Accordingly, the Court finds that Ortega's testimony is barred by Rule 37(c)(1) and the Court will not permit Ortega to testify at trial.

6. Lacey Scott

Plaintiff lists Lacey Scott as a witness to testify about "office of Administrative Courts Case No. CR 2009-0020, including explanation and authentication of complaint, orders and settlement agreement." (ECF No. 58 at 14-15.) Plaintiff argues that Scott should be permitted to testify despite her untimely disclosure because "the defense has long known of her participation in this case" as she is the "assistant attorney general who has handled the Colorado Civil Rights Commission lawsuit against the city of Trinidad since 2009". (ECF No. 88-7 ¶ 5.) As Plaintiff has admitted that Scott has been involved with the events underlying this action since 2009, the Court sees no basis for excusing Plaintiff's failure to timely disclose her as a witness. The Court also notes its prior ruling regarding the activities of the CCRD and its investigation as it relates to this matter. For both of these reasons, the Court will not permit Plaintiff to call

Lacey Scott as a witness.

## II.  CONCLUSION

Accordingly, the Court ORDERS that Defendant's Motion *in Limine* (ECF No. 80) is GRANTED IN PART AND DENIED IN PART with the specific parameters of the Court's evidentiary rulings set forth above.

Dated this 31st day of August, 2012.

BY THE COURT:

_____
William J. Martinez
United States District Judge