IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 10–cv–02529–WJM–KMT

DAVID GUARA,

    Plaintiff,

v.

CITY OF TRINIDAD, a City Municipality, and
CITY OF TRINIDAD FIRE DEPARTMENT,

    Defendants.

# ORDER

This matter is before the court on "Plaintiff's Motion to Strike Defense Experts and Preclude Trial Admissibility" (Doc. No. 72 [Mot.], filed May 14, 2012). Defendants filed a Response on June 4, 2012 (Doc. No. 76 [Resp.]), and Plaintiff filed a Reply on June 20, 2012 (Doc. No. 78 [Reply]). This motion is ripe for ruling.

## I. PROCEDURAL BACKGROUND

The motion seeks to exclude three of Defendants' experts' opinions for the purposes of Defendants' motion for summary judgment and to preclude their trial admissibility. (*See* Mot.) On June 7, 2012, District Judge William J. Martínez ruled on Defendants' motion for summary judgment. (Doc. No. 77.) Thus, the motion to exclude the experts for the purposes of the motion for summary judgment is moot. Additionally, at the motion hearing on this matter, this court denied the portion of the motion to strike Defendants' experts for failure to comply with Federal

Rule of Civil Procedure 26(a)(2). (Doc. No. 89.) Thus, the only portion of the motion remaining for ruling is the motion to strike the witnesses under Federal Rule of Evidence 702.

## II. STANDARD OF REVIEW

Plaintiff seeks to limit the proposed testimony of three of Defendants' non-retained expert witnesses. Rule 702 of the Federal Rules of Evidence, which governs the admissibility of expert witness testimony, provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Fed. R. Evid. 702. As interpreted by the Supreme Court, Rule 702 requires that an expert's testimony be both reliable, in that the witness is qualified to testify regarding the subject, and relevant, in that it will assist the trier in determining a fact in issue. *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 589–92 (1993); *Truck Insurance Exchange v. MagneTek, Inc.*, 360 F.3d 1206, 1210 (10th Cir. 2004). The Supreme Court has described the court's role in weighing expert opinions against these standards as that of a "gatekeeper." *See Kumho Tire Company, Ltd. v. Carmichael*, 526 U.S. 137, 147 (1999).

Under *Daubert* and its progeny, an expert opinion is reliable if it is based on scientific knowledge. "The adjective 'scientific' implies a grounding in the methods and procedures of science. Similarly, the word 'knowledge' connotes more than subjective belief or unsupported speculation." *Daubert*, 509 U.S. at 590. In short, the touchstone of reliability is "whether the

reasoning or methodology underlying the testimony is scientifically valid." *Id.* at 592–93; *see also Truck Insurance Exchange*, 360 F.3d at 1210.  The party proffering the expert opinion must demonstrate both that the expert has employed a method that is scientifically sound and that the opinion is "based on facts which enable [the expert] to express a reasonably accurate conclusion as opposed to conjecture or speculation."  *Goebel v. Denver and Rio Grande Western Railroad Co.*, 346 F.3d 987, 991 (10th Cir. 2003) (quoting *Gomex v. Martin Marietta Corp.*, 50 F.3d 1511, 1519 (10th Cir. 1995)).

Rule 702 demands also that the expert's opinion be relevant, that is, that the testimony "fit" the facts of the case.  *Daubert*, 509 U.S. at 591; *In re Breast Implant Litigation*, 11 F. Supp.2d 1217, 1223 (D. Colo.1998).  " '[T]he standard for fit is higher than bare relevance.' "  *In re Breast Implant Litigation*, 11 F. Supp.2d at 1223 (quoting *In re Paoli Railroad Yard PCB Litigation*, 35 F.3d 717, 745 (3rd Cir. 1994), cert. denied, 115 S. Ct. 1253 (1995)).  The proffered evidence must speak clearly and directly to an issue in dispute in the case.  *Id.*

Guided by these principles, the court has broad discretion in determining whether expert testimony is sufficiently reliable and relevant to be admissible.  *Truck Insurance Exchange*, 360 F.3d at 1210; *Smith v. Ingersoll–Rand Co.*, 214 F.3d 1235, 1243 (10th Cir. 2000).  The overarching purpose of the court's inquiry is "to make certain that the expert . . . employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field."  *Goebel*, 346 F.3d at 992 (quoting *Kumho Tire Company*, 119 S. Ct. at 1176).

### III.  ANALYSIS

The only remaining claim in this case is Plaintiff's claim that he was subjected to a hostile work environment due to his race and/or national origin.  (*See* Doc. No. 77 at 8, 15.)

### A.  Summary of Proposed Opinion Testimony

1. *John Garcia* – Judge Garcia, who has been a municipal judge for the City of Trinidad for approximately 28 years, performed an evaluation of the Defendant Fire Department in July of 2008.  Judge Garcia has been designated to offer opinion testimony in the fields of employee complaints and investigations.  Judge Garcia also has been designated to testify as to his background, education, training, and experience, as well as the investigations and interviews he conducted.  (Mot., Ex. 1.)

2. *Timothy Leary* – Mr. Leary was retained by the City of Trinidad to conduct investigations related to the Fire Department.  Mr. Leary has been designated to offer testimony in the fields of employee complaints and investigations.  Mr. Leary also has been designated to testify as to his background, education, training, and experience, as well as the investigations he conducted into Plaintiff's and others' complaints, and his opinions regarding such investigations.  (*Id.*)

3. *Dr. John Nicoletti* – Dr. Nicoletti conducted a risk assessment of the Plaintiff for the City of Trinidad.  Dr. Nicoletti is designated to testify in the filed of psychology and risk assessment.  Specifically, Dr. Nicoletti may testify as to his background, education, training, and experience, as well as the consultation and analysis he performed regarding the potential risk for workplace violence by the plaintiff.  (*Id.*)

### B. Qualifications

Plaintiff challenges the qualifications of Mr. Leary and Judge Garcia.[1] As to Mr. Leary, Plaintiff argues that his thirty-five years as a police officer and experience investigating crimes have nothing do to with the issues in this case. (Resp. at 7.) In the hearing, Mr. Leary testified that he has worked as a private investigator for the past seven years. Prior to that, Mr. Leary was employed by the Denver Police Department, where he spent three tours in internal investigations and was responsible for conducting personnel investigations. Mr. Leary testified the personnel investigations involve complaints that are made against police officers or city officials involving improper conduct. As an administrator with the Denver Police Department, Mr. Leary also had the opportunity to review hundreds of similar investigations for many years. Since Mr. Leary has been a private investigator, he has performed approximately fifty personnel investigations.

As to Judge Garcia, Plaintiff objects to his claimed familiarity with anti-discrimination laws because of his experience as an employee of the Trinidad district court clerk's office and non-attorney, part-time town judge. Judge Garcia testified at the hearing that he has worked as a part-time municipal judge for nearly twenty-nine years and that he retired as district administrator for the Third Judicial District for Las Animas and Huerfano Counties, where he worked for thirty-three years. As district administrator, Judge Garcia was in charge of up to thirty-six personnel, in charge of any problems regarding time or job duties. His position

---

[1] Plaintiffs apparently do not challenge Dr. Nicoletti's qualifications.

required his familiarity with the various requirements concerning personnel under federal and state laws.

The court finds both Mr. Leary and Judge Garcia are qualified to testify, as they have been disclosed, in the fields of employee complaints and investigations.

### C. Reliability

Plaintiff argues that the opinions of the defendants' proposed expert witnesses are not sufficiently reliable because there is no scientific method, or even recognized framework, on which to base these decisions. Citing *Daubert*, the plaintiff argues that the opinions in question have not been subject to testing or to peer review, that there is no known or potential rate of error in the methodology, and there is no evidence that the witnesses' theories have been accepted in the scientific community. *Daubert*, 509 U.S. at 590. This court disagrees. The opinions at issue here are not scientific opinions. Because opinion testimony often concerns issues outside of scientific disciplines,

> the test of reliability is flexible, and *Daubert*'s list of specific factors neither necessarily nor exclusively applies to all experts or in every case. Rather, the law grants a district court the same broad latitude when it decides how to determine reliability as it enjoys in respect to its ultimate reliability determination.

*Kumho Tire*, 526 U.S. at 142. To the extent this court concludes that the opinion testimony proposed by the defendants otherwise is admissible, and considering the nature of those opinions and the circumstances of this case, this court concludes that the opinion testimony proposed by the plaintiff is sufficiently reliable.

### C.  Relevance

Plaintiff argues that the testimony offered by Mr. Leary and Dr. Nicoletti is irrelevant to this case.  As to Mr. Leary, Plaintiff argues that the issue of some collateral discussion between firefighters regarding ongoing events in 2009, such as Taser training (Doc. 38-9, Ex. 3, ¶ 7), is completely irrelevant to Plaintiff's claims.  Defendants argue that Plaintiff has repeatedly asserted in this case that he has been the subject of harassment and discrimination and other inappropriate treatment by representatives of the City, and that the City has simply ignored it.  Defendants also argue that the investigations conducted by Mr. Leary directly rebut both of those assertions because the investigations concerned matters specifically raised by Plaintiff and for which Plaintiff has specifically made assertions of misconduct or improper treatment in this lawsuit.  Taking Mr. Leary's reports as a whole, the court agrees that Mr. Leary's testimony is relevant to this matter; admissibility, however, will be an issue for the trial judge.

As to Dr. Nicoletti, Plaintiff argues his report, which Plaintiff maintains is "the result of trumped-up and baseless domestic violence allegations made by a former female partner of the plaintiff which were never verified nor admitted by the plaintiff, and never resulted in any provable charges against him," has been submitted solely for its inflammatory potential.  Plaintiff argues that Dr. Nicoletti's report does not concern material or relevant allegations regarding the plaintiff's claims as outlined in the CCRD decision letter, nor his complaint filed in this court.  Plaintiff also argues that the report and the allegations of potential "workplace violence" and other non-workplace gossip that surfaced after June 2008, in the spring of 2009, well after the plaintiff filed his civil rights complaint with the CCRD, are irrelevant.  The court

agrees that Dr. Nicoletti's testimony, based solely on an evaluation and report of an incident that occurred outside of work and had nothing to do with the workplace, the defendants in this matter, or the claims asserted by Plaintiff in this matter, is irrelevant. The court also does not find that Dr. Nicoletti's testimony is relevant to the *Faragher/Ellerth*[2] defenses asserted by Defendants. As such, Dr. Nicoletti is stricken as an expert in this matter.[3]

### D. Circumvention of Jury Decision

Plaintiff argued in the hearing, but not in his motion, that the defendants' proposed expert testimony would circumvent the jury's decision making process. Fed. R. Evid. 704(a) provides that opinion testimony that otherwise is admissible "is not objectionable because it embraces an ultimate issue to be decided by the trier of fact." To the extent Defendant seeks to elicit legal conclusions from their experts, however, this testimony likely would not be allowed under Rule 702. *See, e.g., Specht v. Jensen*, 853 F.2d 805, 808 (10th Cir. 1988). However, this matter is not before the court at this time and will be dealt with at trial.

### E. Hearsay

Similarly, Plaintiff argues testimony from the proposed experts and information contained in their reports is hearsay. In response, Defendants, citing cases, argue that Rule 703

---

[2]*Faragher v. City of Boca Raton*, 524 U.S. 775 (1998); *Burlington Industries, Inc. V. Ellerth*, 524 U.S.742 (1998).

[3]The court notes that percipient witnesses can describe facts, and such factual testimony does not require further analysis and application of reliable principles and methods. Because Rule 702 is not applicable to such fact testimony, to the extent Plaintiff seeks to exclude such testimony under Rule 702, the motion is not before the court.

specifically allows experts to rely on information that would not be admissible, including hearsay. Again, however, this issue is not before the court at this point. Determinations as to hearsay evidence will be made at trial.

Therefore, for the foregoing reasons, it is

**ORDERED** that "Plaintiff's Motion to Strike Defense Experts and Preclude Trial Admissibility" is GRANTED in part and DENIED in part. Dr. Nicoletti is stricken as an expert witness. The motion is denied in all other respects.

Dated this 27th day of September, 2012.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge