**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 10–cv–02529–WJM–KMT

DAVID GUARA,

    Plaintiff,

v.

CITY OF TRINIDAD, a City Municipality,

    Defendant.

---

**ORDER DENYING PLAINTIFF'S MOTION FOR NEW TRIAL
AND ALTERNATIVE RELIEF**

---

This race and national origin discrimination case was tried to a jury in October 2012. The jury returned a verdict for Defendant. (ECF No. 147-6.) Before the Court is Plaintiff's Motion for New Trial and Alternative Relief ("Motion"). (ECF No. 151.) For reasons set forth below, the Motion is denied.

## I.  LEGAL STANDARD

The Motion is filed pursuant to Federal Rules of Civil Procedure 59 and 60. Whether to grant or deny a motion for reconsideration under Rule 59(e) is committed to the Court's discretion. *See Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997). "A Rule 59(e) motion to alter or amend the judgment should be granted only to correct manifest errors of law or to present newly discovered evidence." *Id*. (internal quotation omitted).  The Tenth Circuit recognizes only limited grounds for granting such a Rule 59(e) motion, including those cases where movants can show:  (1) an intervening change in the controlling law; (2) new evidence previously unavailable; or (3) the need

to correct clear error or prevent manifest injustice. *See Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000); *Brumark Corp. v. Samson Resources Corp.*, 57 F.3d 941, 948 (10th Cir. 1995). "Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law." *Servants of the Paraclete*, 204 F.3d at 1012.

Rule 60(b) motions are "subject to more stringent standards" than Rule 59(e) motions, given that the rule permits movants to demonstrate one of six narrow reasons for relief from an order, and they "may only be granted in exceptional circumstances." *Allender v. Raytheon Aircraft Co.*, 439 F.3d 1236, 1239, 1242 (10th Cir. 2006) (quotations and citations omitted). Rule 60(b) provides that,

> [o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed.R.Civ.P. 60(b).

Neither Rule 59 nor Rule 60 are intended to be a substitute for appeal and must be considered with the obvious need for the finality of judgments. *Brown v. McCormick*, 608 F.2d 410, 413 (10th Cir. 1979). Additionally, the Tenth Circuit has held that motions brought pursuant to Rules 59 and 60 are "inappropriate vehicles to reargue an

issue previously addressed by the court when the motion merely advances new arguments, or supporting facts which were available at the time of the original motion." *Servants of Paraclete*, 204 F.3d at 1012.

## II. ANALYSIS

Plaintiff's Motion raises five points in support of his contention that the Court should grant a new trial: (1) Defendant knowingly presented perjured testimony at trial; (2) the Court erred in denying Plaintiff's *Batson* challenge with respect to the only Hispanic juror; (3) the Court erred in disallowing evidence of witness Timothy Leary's connection to the Colorado Intergovernmental Risk Sharing Agency; (4) the Court improperly allowed witnesses Timothy Leary and John Garcia to offer opinion testimony based upon hearsay; and (5) the Court erred in allowing evidence of an unrelated complaint filed by Plaintiff with the Colorado Civil Rights Division. (ECF No. 151 at 2-11.) The Court will address each of these issues in turn below.

### A. Perjured Testimony

Plaintiff contends that he has obtained evidence showing that a number of witnesses offered perjured testimony at the trial. (ECF No. 151 at 2-6.) Specifically, Plaintiff states that he secretly recorded a conversation between himself and witness Miguel Ortiz in which Mr. Ortiz admitted that he lied under oath. (*Id.* at 3.) Plaintiff has attached a copy of this recorded conversation and a transcript of the conversation to the instant Motion. (ECF Nos. 151-1 & 151-2.)

The Court has reviewed the transcript of the conversation between Plaintiff and Mr. Ortiz and finds that Plaintiff is grossly mischaracterizing the contents thereof. Mr.

Ortiz admits that he heard certain racial slurs around the firehouse—such as a "joke" in which President Obama was called a racial slur—and that he told defense counsel about the joke. When Plaintiff questions Mr. Ortiz about why he didn't testify at trial about having heard the joke and the racial slur, Mr. Ortiz responds that he was never asked about that particular slur. (ECF No. 151-2 at 2.) Mr. Ortiz states that he was only asked about other racial slurs that he has never heard used around the firehouse. (*Id.*) Mr. Ortiz neither admitted to offering false testimony, nor made any reference to Defense Counsel encouraging witnesses to lie under oath.

Plaintiff contends that defense counsel suborned perjury because she knew which racial pejoratives each witness had overheard and then tailored her questions accordingly so as to avoid certain evidence coming into the record during her direct examination. However, the selective questioning of a witness to elicit testimony favorable to one's client and avoid topics that are harmful to one's client is a function of our adversarial system; it is not perjury. *See Bronston v. United States*, 409 U.S. 352, 362 (1973) (federal perjury statute does not apply to truthful testimony, even if it is unresponsive to the question and intended to mislead). On cross-examination of Mr. Ortiz and the other witnesses, Plaintiff's counsel was free to ask questions about any racial slurs and comments these witnesses heard around the firehouse; he was not limited to only those terms and phrases covered by defense counsel during the direct examination. A new trial is not justified simply because Plaintiff now wishes that his counsel would have been more zealous during cross-examination. *See Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998) (A motion under Rule 59(e) is not an opportunity to re-argue a case or second-guess trial

4

strategy).

Plaintiff has failed to present any evidence showing that Defendant knowingly presented false testimony at trial or that defense counsel encouraged witnesses to testify falsely. Accordingly, the Court denies Plaintiff's Motion for New Trial to the extent it is premised on an allegedly perjured testimony.

**B.     *Batson* Challenge**

Plaintiff next argues that the Court wrongly denied his *Batson* challenge to juror Trujillo. (ECF No. 151 at 7-8.)

During *voir dire*, in response to the Court's and counsel's questioning, Ms. Trujillo stated that she had previously filed a complaint with the Equal Employment Opportunity Commission based on what she perceived as racial discrimination against her. The Court questioned her extensively about this experience and whether it would color her perspective as a juror but she answered that she believed she would be fair to both parties. However, Defendant used one of its three peremptory challenges to strike Ms. Trujillo from the jury panel. In response, Plaintiff raised a *Batson* challenge.[1] Defendant stated that it was striking Ms. Trujillo not because of her race, but because

---

[1] The Supreme Court case of *Batson v. Kentucky*, 476 U.S. 79 (1986) prohibits a party's use of a peremptory challenge to exclude a juror based on the juror's race. In analyzing a Batson claim, the following procedure is undertaken:

> 1. The objector must make a *prima facie* showing that the peremptory challenge is based on race;
> 2. If the objector meets this burden, the party striking the juror must articulate a race-neutral explanation for striking the juror.
> 3. If the court finds the striking party's reason is race neutral, the court must determine whether the objecting party has shown purposeful discrimination.

*United States v. Castorena-Jaime*, 285 F.3d 916, 927-28 (10th Cir. 2002).

of her prior claim of racial discrimination and the similarity between that claim and Plaintiff's claims in this case.

The Court overruled Plaintiff's challenge and stated that there was enough in Ms. Trujillo's testimony about her prior EEOC complaint that "it could form a legitimate non-discriminatory basis for the defendant to exercise its challenge." The Court therefore found that Defendant had offered a race-neutral explanation for striking Ms. Trujillo. With respect to whether Plaintiff had shown purposeful discrimination, the Court found "that there's not been a sufficient showing of an invidious animus in the exercising of the peremptory strike as it relates to Ms. Trujillo". (ECF No. 157-6.)

In the instant Motion, Plaintiff claims that Defendant's basis for striking Ms. Trujillo was pretextual and lacked any credibility. (ECF No. 151 at 8.) However, Plaintiff offers no new evidence or any additional argument beyond what was raised during the sidebar at trial. Neither a Rule 59 nor a Rule 60 motion are appropriate vessels for re-litigating issues that have already been ruled on by the Court. *See Cashner v. Freedom Stores*, Inc., 98 F.3d 572, 577 (10th Cir. 1996) (a motion to reconsider is "not available to allow a party merely to reargue an issue previously addressed by the court").

Accordingly, the Court denies Plaintiff's Motion for New Trial to the extent it is based on any alleged error with respect to the Court's *Batson* ruling regarding Ms. Trujillo.

**C.     Evidentiary Issues**

Plaintiff contends that three of the Court's evidentiary rulings were improper and,

therefore, he is entitled to a new trial. (ECF No. 151 at 9-12.) Specifically, Plaintiff contends that the Court erred by: (1) not allowing Plaintiff to introduce evidence of Mr. Leary's affiliation with the Colorado Intragovernmental Risk Sharing Agency ("CIRSA") for purposes of impeaching of Mr. Leary; (2) allowing Mr. Leary and Mr. Garcia to offer opinions and testify about hearsay; and (3) allowing Defendant to mention a second complaint filed by Plaintiff with the Colorado Civil Rights Division ("CCRD"). (*Id.*)

The first evidentiary issue— Mr. Leary's affiliation with CIRSA—was the subject of a pretrial Motion *in Limine*. (ECF Nos. 80.) Plaintiff filed his opposition to the Motion *in Limine* which set forth his position on the issues raised therein. (ECF No. 88.) The Court considered the arguments made by the parties and issued a pre-trial ruling on this issue. (ECF No. 91.) In the instant Motion, Plaintiff simply re-raises the same arguments already considered by the Court. This is an improper basis for a Rule 59 and Rule 60 motion. *See Cashner*, 98 F.3d at 577.

Mr. Leary and Mr. Garcia's testimony was also the subject of pre-trial litigation. Plaintiff filed a Motion to Strike these witnesses (ECF No. 72) which was referred to United States Magistrate Judge Kathleen M. Tafoya. Magistrate Judge Tafoya denied the Motion as it pertained to Mr. Leary and Mr. Garcia and Plaintiff appealed the decision. (ECF No. 106.) The undersigned considered the appeal on an expedited basis and made an oral ruling on the issue at the Final Trial Preparation Conference. (ECF No. 133.) Thus, Plaintiff had more than adequate opportunity to fully litigate the scope of Mr. Leary and Mr. Garcia's testimony before the trial. Plaintiff's attempt to re-litigate these issues in the instant Motion is improper. *See Cashner*, 98 F.3d at 577.

Finally, Plaintiff objects to the admission of one of the Defendant's exhibits at

trial. Specifically, Plaintiff contends that the Court should not have permitted Defendant to offer evidence of a second CCRD charge filed by Plaintiff which post-dated the events at issue in this case. (ECF No. 515 at 11.) In response, Defendant points out that it introduced such evidence only after the CCRD report was discussed at a sidebar, during which Plaintiff was permitted to make his argument as to why such evidence should not be admitted. (ECF No. 157-8.) After hearing argument from both sides, the Court overruled Plaintiff's objection and allowed defense counsel to ask two questions about the second CCRD charge. (*Id*.) In the instant Motion, Plaintiff again attempts to rehash the arguments already raised at the sidebar during trial. Plaintiff fails to present any new evidence and there is no allegation that the Court misapprehended his prior argument or misunderstood the issue before making its ruling. As such, Plaintiff has failed to come forward with any basis for the Court to reconsider its ruling during trial. *Servants of the Paraclete*, 204 F.3d at 1012.

### III.  CONCLUSION

For the reasons set forth above, Plaintiff's Motion for New Trial and Alternate Relief (ECF No. 151) is DENIED.

Dated this 20th day of February, 2013.

BY THE COURT:

William J. Martinez
United States District Judge